[Cite as *State v. Nichols*, 2013-Ohio-3898.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 12 CA 102 |
| WILLIAM NICHOLS | |
| Defendant-Appellant | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. 12 CR 308H |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | September 9, 2013 |


APPEARANCES:

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| JAMES J. MAYER, JR.<br>PROSECUTING ATTORNEY<br>JOHN C. NIEFT<br>ASSISTANT PROSECUTOR<br>38 South Park Street<br>Mansfield, Ohio 44902 | KRISTIN BROWN<br>CALHOUN, KADEMENOS & CHILDRESS<br>Suite 200<br>Six West Third Street<br>Mansfield, Ohio 44901 |

*Wise, J.*

{¶1} Appellant William Nichols appeals his conviction and sentence for domestic violence in the Court of Common Pleas, Richland County. The relevant facts leading to this appeal are as follows.

{¶2} Appellant's mother, Lisa Lutz, owns a house on Third Avenue in Mansfield, Ohio. Lisa's other son, Ronnie, has previously used that house as his residence. On April 29, 2012, appellant insisted that Lisa give him a ride in her vehicle to the Third Avenue location, so that appellant could look for a portable heater another relative wanted to use. At that time, Ronnie apparently was not living in the house, although some of his personal possessions were there.

{¶3} Lisa proceeded to give appellant a ride as requested. Appellant's teenage son, N.N., accompanied them. Appellant went in the house via a basement door and kicked in an interior door to the upstairs. After everyone had entered, appellant became increasingly frustrated because of the missing heater, while Lisa was upset about the state of Ronnie's belongings. After everyone had finally exited, an altercation ensued near the house between appellant and Lisa. A neighbor called 911, and, as further discussed infra, Lisa reported that appellant had struck her in the head, knocked her to the ground, and repeatedly punched her.

{¶4} Appellant was subsequently indicted for one count of domestic violence, charged as a felony of the third degree based on appellant's two prior convictions of related offenses as listed in the statute. *See* R.C. 2919.25(D)(4). The case proceeded to a jury trial on September 17 and 18, 2012. Appellant was found guilty of domestic violence as charged in the indictment.

{¶5} On September 19, 2012, the trial court sentenced appellant to two years in prison and three years of post-release control.

{¶6} Appellant filed a notice of appeal on October 8, 2012. He herein raises the following three Assignments of Error:

{¶7} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S RULE 29 MOTION.

{¶8} "II. APPELLANT'S CONVICTIONS ARE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE AND ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9} "III. THE TRIAL COURT ERRED IN SENTENCING APPELLANT BY NOT ADHERING TO OHIO REVISED CODE 2929.11 AND 2929.12, AND THE SENTENCE IS NOT SUPPORTED BY THE RECORD."

I.

{¶10} In his First Assignment of Error, appellant contends the trial court erred in denying his motion for acquittal under Crim.R. 29. We disagree.

{¶11} An appellate court reviews a trial court's denial of a Crim.R. 29 motion for acquittal using the same standard used for reviewing a sufficiency of the evidence claim. *State v. Barron,* 5th Dist. Perry No. 05 CA 4, 2005-Ohio-6108, ¶ 38. In reviewing a claim based on the sufficiency of the evidence, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

**{¶12}** Appellant in the case sub judice was convicted of domestic violence. R.C. 2919.25(A) states as follows: "No person shall knowingly cause or attempt to cause physical harm to a family or household member." Pursuant to R.C. 2919.25(D)(4), if a person has two or more prior domestic violence convictions or convictions of related offenses involving a household or family member, the offense of domestic violence becomes a felony of the third degree. Physical harm to a person means "any injury, illness, or other physiological impairment, regardless of its gravity or duration." *See* R.C. 2901.01(A)(3).

**{¶13}** Appellant first maintains that there were "vast inconsistencies in the testimony of the witnesses, and most importantly, in the testimony of the victim herself." Appellant's Brief at 7. However, "[a] defendant is not entitled to reversal on the grounds of sufficiency of the evidence and manifest weight of the evidence merely because inconsistent testimony was offered at trial." *State v. Garner*, 10th Dist. Franklin No. 07AP-474, 2008-Ohio-944, ¶ 19, citing *State v. Raver,* 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958. Challenges to the sufficiency of the evidence based upon instances of inconsistent testimony, memory defects, and the like are witness credibility issues which are properly resolved by the trier of fact. *See State v. Daniel*, 10th Dist. Franklin No. 95APA05-657, 1996 WL 11268 (additional citations omitted).

**{¶14}** In the case sub judice, the State presented, inter alia, the testimony of the victim, Lisa Lutz, concerning the incidents at the house on Third Avenue on April 29, 2012. Lisa recounted that appellant had first kicked in an interior door while he was going through the house. Lisa stated that appellant and N.N. left the house first and started heading down the street, but then returned while she was putting some things in

her car. Appellant then came up and struck her in the head from behind while Lisa was attempting to call her husband on her cell phone to see if he could help fix the door. Tr. at 90-93. After falling to the ground, Lisa looked up and saw appellant standing over her and yelling. Tr. at 93. According to Lisa, appellant then grabbed her by the neck and dragged her out of the alley; he then threw her over the hood of her car. *Id.* Lisa also saw N.N. start to kick her vehicle. After she yelled at the child to stop, appellant grabbed her again. Lisa testified that appellant hit her with a closed fist about six or seven times during the incident. Tr. at 98. Lisa noted that she tried to hit back with her purse, but appellant grabbed it and threw it into the yard. She also recalled appellant kicking her cell phone, causing it to break into pieces. Tr. at 95. Lisa summed up that appellant "struck me several times." Tr. at 97. She recalled: " *** [H]e's dragging me and throwing me and striking me. I mean, it was just a big whirlwind of hitting and throwing." *Id*. Appellant thereafter left the scene, saying that he would not go to jail because his son would not testify against him. Tr. at 95-96. Lisa stated at trial that she was embarrassed to seek medical treatment, as she is employed at a Mansfield area hospital. Tr. at 110.

{¶15} The State also presented the testimony of Joyce Thornton, a neighbor. Although she was not close enough to the altercation to see faces, she saw a man come across the street and "hit a woman". Tr. at 115. After hitting the woman, she saw the man stand over the woman and appear to kick at her. Thornton then called the police.

{¶16} The record also indicates that when officers arrived shortly after appellant left the scene, Lisa was crying and her face was red. She also complained of back and

leg pain from the incident. Tr. at 96, 111, 124, 130. The officers took photographs of a cut on Lisa's finger and some red markings in the skin around her neck. Tr. at 124, 138.

{¶17} Upon review of the record, even in the absence of more extensive visible injuries to Lisa Lutz, we hold rational triers of fact could have found, beyond a reasonable doubt, that appellant knowingly caused or attempted to cause physical harm to a family member for purposes of R.C. 2919.25(A). We therefore hold appellant's conviction for domestic violence was supported by sufficient evidence, and the motion for acquittal under Crim.R. 29 was properly denied.

{¶18} Appellant's First Assignment of Error is therefore overruled.

II.

{¶19} In his Second Assignment of Error, appellant contends his conviction for domestic violence is not supported by sufficient evidence and is against the manifest weight of the evidence. We disagree.

{¶20} In regard to the sufficiency of the evidence, we find further review of this issue would be redundant based on our analysis under appellant's First Assignment of Error. We would note at this juncture that appellant's "sufficiency of the evidence" argument also goes to the issue of whether appellant established self defense. However, the Ohio Supreme Court has recognized: "[T]he due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime." *State v. Hancock,* 108 Ohio St.3d 57, 2006–Ohio–160, ¶ 37, quoting *Caldwell v. Russell* (C.A.6, 1999), 181 F.3d 731, 740, abrogated on other grounds (internal quotations omitted). In light of

*Hancock,* we will address the self-defense issue as part of our review of appellant's "manifest weight" claim.

{¶21} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. *See also, State v. Thompkins* (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin* at 175, 485 N.E.2d 717.

{¶22} Appellant maintains the trial record reveals several inconsistencies in the overall testimony. For example, despite neighbor Joyce Thornton's recollection that Lisa and appellant yelled at each other for ten to fifteen minutes (*see* Tr. at 117), Lisa maintained in her testimony that she didn't yell. *See* Tr. at 101. Lisa also stated at trial that she was concerned that N.N. was going to kick her car, and she clarified that she had never said appellant kicked her car. Tr. at 104. When questioned on cross examination concerning her statement to police, Lisa was then confronted with her statement to police that "[h]e started to kick my car." *See* Tr. at 105. When questioned further about this by defense counsel, Lisa then stated "that was supposed to be [N.N.]." Tr. at 111. Lisa also stated in her trial testimony that she had "never" hit appellant at any point. Tr. at 108. However, when again confronted with her police statement on cross

examination, she admitted that she had hit appellant with her purse "after several punches" from him. *See* Tr. at 109.

**{¶23}** Appellant also urges that the testimony of his son N.N., age thirteen at the time of trial, should have led the jury to conclude that appellant acted in self-defense. The affirmative defense of self-defense places the burden of proof on a defendant by a preponderance of the evidence. *In re Collier,* 5th Dist. Richland No. 01 CA 5 (Aug. 30, 2001), citing *State v. Caldwell,* 79 Ohio App.3d 667, 679, 607 N.E.2d 1096. According to N.N., he had waited on the porch at the house on Third Avenue and heard Lisa and appellant argue for some time, and as he and appellant started to walk away, "my grandma kept yelling at my dad for no apparent reason." Tr. at 151. N.N. then asserted that when he and appellant got to the end of the street, Lisa and appellant continued to argue about getting a ride home. N.N. testified that it was at this point that Lisa went after appellant first by striking him in the head with her purse. *Id.* N.N. observed appellant reacting by throwing Lisa's purse and pushing her down; Lisa purportedly continued to scream at appellant and "kept punching him." *Id.* According to N.N., appellant "didn't want to really hit her so he tried to ... walk away, but she kept going back to him." *Id.* N.N. did not believe Lisa had any injuries; he further charged that "my grandma is a liar." Tr. at 152-154. N.N. added that Lisa had slapped him on the hand for trying to take batteries from the Third Avenue residence. Tr. at 150. But he also explained that appellant "got an attitude because [Lisa] was calling him stupid ***." Tr. at 154.

**{¶24}** We have frequently recognized that the jurors in a criminal trial "as the firsthand triers of fact, [are] patently in the best position to gauge the truth." *See, e.g.,*

*State v. Frazier*, 5th Dist. Stark No. 2010CA00042, 2011-Ohio-434, ¶ 23. Furthermore, "[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render [a] defendant's conviction against the manifest weight * * *." *State v. Craig* (Mar. 23, 2000), Franklin App. No. 99AP–739, citing *State v. Nivens* (May 28, 1996), Franklin App. No. 95APA09–1236.

{¶25} Upon review of the record, we find the jury could have properly rejected the defense of self-defense and decided that appellant was the instigator of the assault on Lisa, and we hold that the jurors, in resolving any conflicts in the evidence, did not create a manifest miscarriage of justice requiring a new trial.

{¶26} Accordingly, appellant's Second Assignment of Error is overruled.

III.

{¶27} In his Third Assignment of Error, appellant contends the trial court erroneously failed to consider the R.C. 2929.11 and 2929.12 purpose and seriousness factors in its analysis. We disagree.

{¶28} R.C. 2929.11 and 2929.12 require consideration of the purposes and principles of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38. However, "in exercising its discretion, a court is merely required to 'consider' the purposes of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *State v. Sutton,* Cuyahoga App.No. 97132, 2012–Ohio–1054, ¶ 11, citing *State v. Lloyd,* Lake App.No.2006–L–185, 2007–Ohio–3013, ¶ 44. The findings of the trial court in regard to R.C. 2929.11 and 2929.12 need not be in the sentencing transcript if the

findings are contained in the journal entry. *See State v. O'Donnell,* Summit App.No. 23525, 2007–Ohio–1943, ¶ 7 (additional citations omitted).

**{¶29}** In the case sub judice, the trial court patently stated in the sentencing entry that it had " *** considered ... the principles and purposes of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12." See Sentencing Entry, September 19, 2012, at 1. Thus, it is not clear to us why appellant presently asserts that the court did not " *** even *reference* the purposes and principles set forth in R.C. 2929.11 and R.C. 2929.12." See Appellant's Brief at 12, emphasis *sic.* Furthermore, at the sentencing hearing, the trial judge stated: "This is not the worst case of domestic violence we've had. Of course, if it were, we wouldn't be talking about domestic violence. We'd be talking about felonious assault. What exacerbates this situation as much as it does is that it's your mother who is the victim. I know it hasn't been a very familial relationship of any real sort between you and your mother and your son. I know that. Because the woman that's been here in court, she considers you her son and you consider her your momma, essentially. But it's still an awful thing. *** My mother is now long deceased, but I just can't even imagine * * * what I would do if I had somebody hit my mother, push my mother around. I imagine I'd be out of control." Tr. at 197-198.

**{¶30}** Upon review of the sentencing entry and transcript, we find the trial court properly considered the purposes and principles of felony sentencing, and the factors of seriousness and recidivism.

**{¶31}** Appellant finally contends his sentence is inconsistent with sentences for similar crimes committed by similar offenders. *See* R.C. 2929.11(B). Ohio courts have

recognized that consistency in sentencing "does not necessarily mean uniformity." *See State v. Ryan*, 1st Dist. Hamilton No. C-020283, 2003-Ohio-1188, ¶ 10. As an appellate court, we may decline to compare a particular defendant's sentences with similar crimes in this or other jurisdictions unless there is an inference of gross disproportionality. *State v. King*, 5th Dist. Muskingum No. CT06-0020, 2006 -Ohio- 6566, ¶ 26, citing *State v. Vlahopoulos*, 8th Dist. Cuyahoga No. 80427, 2002-Ohio-3244. Appellant herein chiefly relies on a single case from another appellate district wherein the defendant was sentenced to twelve months on a fourth-degree domestic violence conviction involving a five-year-old victim. *See State v. Cantrell*, 2nd Dist. Montgomery No. 22916, 2009-Ohio-3011. Upon review, we find appellant's arguments under R.C. 2929.11(B) are unpersuasive under the facts and circumstances of this matter.

{¶32} Appellant's Third Assignment of Error is overruled.

{¶33} For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.

By: Wise, J.

Farmer, P. J., and

Delaney, J., concur.

/s/ John W. Wise_____
HON. JOHN W. WISE

/s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER

/s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY

JWW/d 0819

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM NICHOLS | : | |
| | : | |
| Defendant-Appellant | : | Case No. 12 CA 102 |


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

Costs assessed to appellant.


/s/ John W. Wise_____
HON. JOHN W. WISE


/s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


/s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY