[Cite as *State v. Boyd*, 2014-Ohio-2019.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 13 CA 62 |
| GAVON J. BOYD | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING: Criminal Appeal from the Court of Common Pleas, Case No. 2011 CR 0631H


JUDGMENT: Affirmed


DATE OF JUDGMENT ENTRY: May 9, 2014


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

JAMES J. MAYER, JR.                   R. JOSHUA BROWN
PROSECUTING ATTORNEY          32 Lutz Avenue
JOHN C. NIEFT                             Lexington, Ohio  44904
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio  44902

*Wise, J.*

{¶1}. Appellant Gavon J. Boyd appeals the decision of the Court of Common Pleas, Richland County, which resentenced him on several theft-related offenses following a prior remand from this Court upon his direct appeal. The relevant facts leading to this appeal are as follows.

{¶2}. On September 5, 2011 Sommer Burdette was driving her car on King Street in Mansfield, Ohio, with her friend Misty Taylor as a passenger. A man suddenly jumped into the back seat of the car and robbed the two women at knifepoint. After taking items from the women, including a purported sum of $2,400.00 that Burdette had hidden on her person, the man placed the stolen goods into a backpack-style bookbag and left on foot. Burdette, who had received a knife injury to her hand, thereafter flagged down an Ohio State Highway Patrol trooper. She told him what had happened and provided a description of the assailant.

{¶3}. A back-up trooper arrived in the area and soon thereafter apprehended appellant, who was carrying a backpack at the time. Appellant did not resist. The troopers relinquished custody of appellant at the scene to the Mansfield Police Department, which ultimately handled the investigation and arrest.

{¶4}. On October 6, 2011, appellant was charged by indictment with two counts of robbery, two counts of theft, and one count of felonious assault. He entered pleas of not guilty and the case proceeded to a jury trial.

{¶5}. The jury found appellant guilty as charged. On February 27, 2012, the trial court sentenced appellant to an aggregate prison term of seven years: concurrent four-

year terms on each robbery count, concurrent with two consecutive terms of six months each for the thefts, consecutive with three years for the count of felonious assault.

{¶6}. Appellant filed a direct appeal to this Court from his convictions and sentence. Appellant therein argued, in his first assigned error, that he had received ineffective assistance of trial counsel on a number of grounds. We found appellant had not received ineffective assistance of trial counsel and overruled his first assignment of error. *See State v. Boyd*, 5th Dist. Richland No. 12CA23, 2013-Ohio-1333, ¶ 28 ("*Boyd I*"). In his second assignment of error, appellant raised the following issues in regard to his sentence: allied offenses of similar import, consecutive prison terms, and payment of restitution and court costs. We ultimately remanded the case for resentencing on all three of these issues (limiting the allied offense issue to the counts of robbery and theft), with one member of the panel concurring in part and dissenting in part. *See id.* at ¶34, ¶38, ¶39, ¶42-¶47.

{¶7}. On June 14, 2013, the trial court conducted a new sentencing hearing. A new sentencing entry was issued by the court on June 17, 2013. The trial court again sentenced appellant to an aggregate prison term of seven years.

{¶8}. Appellant filed a notice of appeal on July 17, 2013. He herein raises the following sole Assignment of Error:

{¶9}. "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT SENTENCED MR. BOYD TO CONSECUTIVE PRISON TERMS."

I.

{¶10}. In his sole Assignment of Error, appellant contends the trial court erred in sentencing him, following our prior remand, to consecutive prison terms. We disagree.

<u>*R.C. 2929.11 and 2929.12 Issue*</u>

**{¶11}.** R.C. 2929.11 and 2929.12 require consideration of the purposes of felony sentencing, as well as the factors of seriousness and recidivism. *See State v. Mathis,* 109 Ohio St.3d 54, 846 N.E.2d 1, 2006–Ohio–855, ¶ 38.

**{¶12}.** In *Boyd I*, as recited above, we remanded this matter to the trial court for resentencing as to the issues of allied offenses of similar import, consecutive prison terms, and payment of restitution and court costs. As the State aptly points out in its response brief herein, the questions of principles and purposes of sentencing and the factors of seriousness and recidivism were not part of *Boyd I*. However, in the interest of justice, we are compelled to note that "in exercising its discretion, a court is merely required to 'consider' the purposes of sentencing in R.C. 2929.11 and the statutory * * * factors set forth in R.C. 2929.12." *State v. Sutton,* Cuyahoga App.No. 97132, 2012–Ohio–1054, ¶ 11, citing *State v. Lloyd,* Lake App.No. 2006–L–185, 2007–Ohio–3013, ¶ 44 (internal quotations omitted).  Any findings of the trial court in regard to R.C. 2929.11 and 2929.12 need not be in the sentencing transcript if the findings are contained in the journal entry. *See State v. O'Donnell,* Summit App.No. 23525, 2007–Ohio–1943, ¶ 7 (additional citations omitted). *Accord State v. Nichols*, Richland App.No. 12 CA 102, 2013-Ohio-3898, ¶ 28.

**{¶13}.** In the case sub judice, the trial court stated in its resentencing entry that it had considered "the principles and purposes of sentencing in R.C. 2929.11, and the seriousness and recidivism factors in R.C. 2929.12." Resentencing Entry, June 17, 2013, at 1. Therefore, upon review of the record, we find the trial court properly

considered the purposes and principles of felony sentencing, and the factors of seriousness and recidivism.

*Consecutive Sentences - R.C. 2929.14(C)(4) Factors*

**{¶14}.** 2011 Am.Sub.H.B. No. 86, which became effective on September 30, 2011, revived the language provided in former R.C. 2929.14(E) and moved it to R.C. 2929.14(C)(4). The General Assembly has thus expressed its intent to revive the statutory fact-finding provisions pertaining to the imposition of consecutive sentences that were effective pre-*Foster. See State v. Wells,* Cuyahoga App.No. 98428, 2013–Ohio–1179, ¶ 11. These revisions to the felony sentencing statutes now require a trial court to make specific findings when imposing consecutive sentences. Nonetheless, "[a]lthough H.B. 86 requires the trial court to make findings before imposing a consecutive sentence, it does not require the trial court to give its reasons for imposing the sentence." *State v. Bentley,* Marion App.No. 9–12–31, 2013–Ohio–852, ¶ 12, citing *State v. Frasca,* Trumbull App.No.2011–T–0108, 2012–Ohio–3746, ¶ 57. Likewise, "* * * under H.B. 86, a trial court is not required to articulate and justify its findings at the sentencing hearing when it imposes consecutive sentences as it had to do under S.B. 2." *State v. Redd,* Cuyahoga App.No. 98064, 2012–Ohio–5417, ¶ 12. But the record must demonstrate that consecutive sentences are appropriate and clearly supported. *See State v. Ducker,* Stark App.No. 2012CA00192, 2013–Ohio–3657, ¶ 16.

**{¶15}.** R.C. 2929.14(C)(4) states as follows:

**{¶16}.** "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the

public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶17}. "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶18}. "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶19}. "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶20}. In the case sub judice, the trial court set forth the following findings, in pertinent part, at resentencing:

{¶21}. "Count V is a felonious assault. I'm going to impose the three year sentence on that charge. Make it consecutive. There was a very, very dangerous situation, a very serious situation.  To not impose consecutive sentencing in this matter would  - -  to impose consecutive sentencing is not disproportionate to the seriousness of the crime and the danger that the Defendant posed at that time and may pose again in the future to the community.  The robbery obviously and the felonious assault grew

out of the same circumstance. However, they are separate offenses and it would be - - a single prison term would not adequately reflect the seriousness of the harm done or possible harm in the matter."

{¶22}. Tr., Sentencing Hearing, June 14, 2013, at 12–13.

{¶23}. The record indicates that appellant's actions in the robbery and assault included invading the interior of Sommer Burdette's automobile and then holding a knife to Burdette's throat and threatening to kill her. During the events, Burdette suffered a serious cut to her hand trying to push the knife away. Appellant also forced Burdette and Taylor to partially expose their upper bodies under their shirts to see if any items had been hidden in their bras. Upon review, we find the trial court adequately made the findings set forth under R.C. 2929.14(C)(4) and R.C. 2929.14(C)(4)(b) in considering appellant's resentencing, and we hold the trial court's consecutive sentences in this matter are not unreasonable, arbitrary or unconscionable and are not contrary to law.

{¶24}. Accordingly, appellant's sole Assignment of Error is overruled.

{¶25}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.

By: Wise, J.

Gwin, P. J., and

Delaney, J., concur.

JWW/d 0410